BTXN222 5/21

**Willhelm Law Firm**
Po Box 3536
Abilene, TX 79604-3536
Bar Number: 00785252
Phone: (325) 692-0900
Email: justice@willhelmlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

In re:  **Holt, Jerry Dean**　　　　　xxx-xx-2204　　*　　Case No.: _____
　　　　250 Tweetie Pie
　　　　Abilene, TX 79602　　　　　　　　　　　　*　　Date 05/24/2023

　　　　**Holt, Sarah Joann**　　　　xxx-xx-9090　　*　　Chapter 13
　　　　250 Tweetie Pie
　　　　Abilene, TX 79602　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　　　　　　　　　*

　　　　　　　　　　Debtor(s)

**DEBTOR'S(S') CHAPTER 13 PLAN
(CONTAINING A MOTION FOR VALUATION)**

**DISCLOSURES**

☑ This *Plan* does not contain any *Nonstandard Provisions*.

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☑ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☐ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this Plan shall be as defined in the "General Order 2021-05, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

Plan Payment: $10,380.00　　　　　Value of Non-exempt property per § 1325(a)(4): $1,450.00
Plan Term: 60 months　　　　　　　Monthly Disposable Income per § 1325(b)(2): $3,787.11
Plan Base: $622,800.00　　　　　　Monthly Disposable Income x ACP ("UCP"): $227,226.60
Applicable Commitment Period: 60 months

Debtor(s): **Holt, Jerry Dean; Holt, Sarah Joann** Case No.: _____

**ANY OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN AND/OR MOTION FOR VALUATION MUST BE FILED AND SERVED ON THE DEBTOR, DEBTOR'S COUNSEL, AND THE TRUSTEE NO LATER THAN 21 DAYS AFTER THE NOTICE OF THE CONFIRMATION HEARING IS FILED AND SERVED IN THE FORT WORTH DIVISION, AND NO LATER THAN 7 DAYS PRIOR TO THE TRUSTEE'S PRE-HEARING CONFERENCE IN THE ABILENE, AMARILLO, DALLAS, LUBBOCK, SAN ANGELO AND WICHITA FALLS DIVISIONS.**

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.

**SECTION I
DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
FORM REVISED 5/12/21**

**A. PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

__$10,380.00__ per month, months __1__ to __60__.

For a total of __$622,800.00__ (estimated "*Base Amount*").

First payment is due __06/22/2023__.

The applicable commitment period ("ACP") is __60__ months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per §1325(b)(2) is: __$3,787.11__

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: __$227,226.60__.

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per §1325(a)(4), shall be no less than: __$1,450.00__

**B. STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are _____ and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2021-05 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Prepetition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS___TO___) | TREATMENT $_____ PER MO. |
|---|---|---|---|---|
| | | | | |
| | | | | |

Debtor(s): **Holt, Jerry Dean; Holt, Sarah Joann**                Case No.: _____

**C.   ATTORNEY FEES:**   To _____Willhelm Law Firm_____, total: __$4,200.00__ *;
_____$0.00_____ Pre-petition; _____$4,200.00_____ disbursed by the *Trustee*.

\* The Attorney fees include (check all appropriate boxes):

☑ Standard Fee    ☐ Business Standard Fee

☐ Additional Fee for Motion to Extend/Impose the Automatic Stay

☐ Additional Fee for Case in which Debtor will receive F.R.Bank.P Rule 3002.1 notices

**D.(1)   (1) PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS___TO___) | TREATMENT |
|---|---|---|---|---|---|
| GTWY 1ST FKA GTWY MRTG (Arrearage) PACK SADDLE PRAIRIE SEC 1, BLOCK B, LOT 7, ACRES 1.03 250 Tweetie Pie Abilene, TX 79602 | $15,975.00 | 2/1/2023 | 0.00% | Months 1 to 60 | $266.25 |

**D.(2)   (2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| GTWY 1ST FKA GTWY MRTG PACK SADDLE PRAIRIE SEC 1, BLOCK B, LOT 7, ACRES 1.03 250 Tweetie Pie Abilene, TX 79602 | 58 Months | $3,187.00 | 08/01/2023 |

**D.(3)   POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS___TO___) | TREATMENT |
|---|---|---|---|---|---|
| GTWY 1ST FKA GTWY MRTG (Arrearage) PACK SADDLE PRAIRIE SEC 1, BLOCK B, LOT 7, ACRES 1.03 250 Tweetie Pie Abilene, TX 79602 | $6,373.68 | | 0.00% | Months 1 to 60 | $106.23 |

**E.(1)   SECURED CREDITORS-PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS___TO___) | TREATMENT Per Mo |
|---|---|---|---|---|---|
| | | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| | | | | | |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

Debtor(s): **Holt, Jerry Dean; Holt, Sarah Joann**  Case No.: _____

**E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR | COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS___TO___) | TREATMENT Per Mo |
|---|---|---|---|---|---|
| BAYPORT CREDIT UNION | 2021 Jeep Grand Cherokee | $49,748.00 | 9.75% | Months 1 to 60 | $1,050.89 |

B.

| CREDITOR | COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| | | | | | |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

**F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR | COLLATERAL | SCHED. AMT | VALUE | TREATMENT |
|---|---|---|---|---|
| | | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322 (b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F. will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the Trustee or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

**G. SECURED CREDITORS-PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT |
|---|---|---|
| CITIZENS BANK NA | PACK SADDLE PRAIRIE SEC 2, BLOCK C, LOT 47, ACRES 1.02<br>250 Tweetie Pie Abilene, TX 79602 | $74,196.00 |
| CITY BANK- INDIRECT | 2021 Chevrolet Silverado | $45,897.00 |
| ESB/HARLEY DAVIDSON CR | 2021 Harley Triglide Ultra | $28,140.00 |

**H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS___TO___) | TREATMENT |
|---|---|---|---|
| City of Virginia Beach | $319.23 | Months 1 to 2 | Pro-Rata |

Debtor(s): **Holt, Jerry Dean; Holt, Sarah Joann**                                   Case No.: _____

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS ___ TO ___) | TREATMENT |
|---|---|---|---|
| IRS | $10,911.11 | Months 1 to 2 | Pro-Rata |

**I.  SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS ___ TO ___) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

JUSTIFICATION:

**J.  UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT | COMMENT |
|---|---|---|
| ACCEPTANCE NOW | $6,778.00 |  |
| AFFIRM INC | $899.00 |  |
| AFFIRM INC | $834.00 |  |
| AFFIRM INC | $651.00 |  |
| AFFIRM INC | $554.00 |  |
| AFFIRM INC | $533.00 |  |
| AMERICAN EXPRESS | $1,132.00 |  |
| AMERICAN EXPRESS | $1,116.00 |  |
| BARCLAYS BANK DELAWARE | $625.00 |  |
| Bryant State Bank | $2,731.16 |  |
| CAPITAL ONE | $638.00 |  |
| CAPITAL ONE | $478.00 |  |
| CAPITAL ONE/WALMART | $120.00 |  |
| CCS/BRYANT STATE BANK | $2,824.00 |  |
| CITIBANK/CBNA | $553.00 |  |
| CITIZENS PAY CREDIT LI | $4,695.00 |  |
| COMENITYCAPITAL/ACADMY | $339.00 |  |
| COMENITYCAPITAL/ACADMY | $101.00 |  |
| COMENITYCAPITAL/ULTA | $212.00 |  |
| CONN APPLIANCES INC | $7,985.00 |  |
| CONN APPLIANCES INC | $3,098.00 |  |
| CREDIT CONTROL CORP | $179.00 |  |

Debtor(s): **Holt, Jerry Dean; Holt, Sarah Joann**                              Case No.: _____

| CREDITOR | SCHED. AMT | COMMENT |
|---|---|---|
| CREDIT ONE BANK NA | $1,385.00 | |
| CREDIT ONE BANK NA | $1,278.00 | |
| CREDIT ONE BANK NA | $1,203.00 | |
| CREDIT ONE BANK NA | $1,158.00 | |
| FEB/GFSCS-RETAIL | $1,579.00 | |
| FETTI FINGERHUT/WEBBAN | $4,403.00 | |
| FETTIFHT/WEB | $4,513.00 | |
| Genesis FS Card Services | $1,499.66 | |
| IRS | $18,087.00 | |
| JEFFERSON CAPITAL SYST | $1,969.00 | |
| KOHLS/CAPITAL ONE | $386.00 | |
| KOHLS/CAPITAL ONE | $347.00 | |
| MACYS/CITIBANK, N.A. | $330.00 | |
| MERRICK BANK CORP | $1,655.00 | |
| MIDLAND FUNDING | $917.00 | |
| MOHELA/DEPT OF ED | $14,990.00 | |
| MOHELA/DEPT OF ED | $13,101.00 | |
| MOHELA/DEPT OF ED | $12,977.00 | |
| MOHELA/DEPT OF ED | $10,672.00 | |
| MOHELA/DEPT OF ED | $9,175.00 | |
| MOHELA/DEPT OF ED | $8,247.00 | |
| MOHELA/DEPT OF ED | $6,531.00 | |
| MOHELA/DEPT OF ED | $6,501.00 | |
| MOHELA/DEPT OF ED | $6,304.00 | |
| MOHELA/DEPT OF ED | $4,724.00 | |
| MOHELA/DEPT OF ED | $4,546.00 | |
| MOHELA/DEPT OF ED | $4,305.00 | |
| MOHELA/DEPT OF ED | $4,256.00 | |
| MOHELA/DEPT OF ED | $4,250.00 | |
| MOHELA/DEPT OF ED | $2,692.00 | |
| MOHELA/DEPT OF ED | $2,227.00 | |
| MOHELA/DEPT OF ED | $1,507.00 | |
| MOHELA/DEPT OF ED | $1,497.00 | |

Debtor(s): **Holt, Jerry Dean; Holt, Sarah Joann**      Case No.: _____

| CREDITOR | SCHED. AMT | COMMENT |
|---|---|---|
| MOHELA/DEPT OF ED | $1,276.00 | |
| NEMO'S COLL | $160.00 | |
| PORTFOLIO RECOV ASSOC | $1,384.00 | |
| PORTFOLIO RECOV ASSOC | $627.00 | |
| Reliant Capital Solutions | $4,568.83 | |
| SYNCB/AMAZON PLCC | $1,843.00 | |
| SYNCB/CARE CREDIT | $4,908.00 | |
| SYNCB/CHEVRON DC | $651.00 | |
| SYNCB/PPC | $1,507.00 | |
| SYNCB/SAMS CLUB | $525.00 | |
| SYNCB/SLEEP NUMBER | $737.00 | |
| T Mobile | $518.32 | |
| TBOM/ASPIRE MC | $1,337.00 | |
| TBOM/ATLS/ASPIRE | $1,249.00 | |
| TELECOM SELF-REPORTED | $317.00 | |
| THD/CBNA | $635.00 | |
| THD/CBNA | $390.00 | |
| TRACTOR SUPPLY/CBNA | $2,521.00 | |
| TRACTOR SUPPLY/CBNA | $2,153.00 | |
| UPSTART NETWORK INC. | $4,546.00 | |
| UPSTART NETWORK INC/F | $8,352.00 | |
| US DEPT OF ED/GLELSI | $34,921.00 | |
| USAA SAVINGS BANK | $453.00 | |
| USAA SAVINGS BANK | $118.00 | |
| W CENTRAL TX COLLECT | $39.00 | |

TOTAL SCHEDULED UNSECURED: _____ $272,022.97 _____

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is __100.00%__.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS___TO___) | TREATMENT |
|---|---|---|---|---|
| | | | | |
| | | | | |

Debtor(s): **Holt, Jerry Dean; Holt, Sarah Joann**      Case No.: _____

# SECTION II
# DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS
# FORM REVISED 5/12/21

**A. SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount*.

**B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C. ATTORNEY FEES:**

The Standard Fee or Business Standard Fee for the Debtor's(s') Counsel is the amount indicated in Section I, Part C and shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the **Debtor's(s')** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed. Additional Fees will be paid only after a Notice of Additional Fees and Rule 2016 Disclosure is filed with the Court to which there has been no timely objection or, if an objection is filed, after the entry of an Order by the Court allowing the Additional Fees.

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed prepetition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment*.

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

**E.(1) SECURED CLAIMS TO BE PAID BY TRUSTEE:**

Debtor(s): **Holt, Jerry Dean; Holt, Sarah Joann**　　　　　　　　　　　　　　Case No.: _____

      The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

**E.(2)** **SECURED 1325 (a)(9) CLAIMS TO BE PAID BY THE TRUSTEE – NO CRAM DOWN:**

      Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

      The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

      To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

      Each secured claim shall constitute a separate class.

**F.** **SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:**

      The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the Collateral by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

      Each secured claim shall constitute a separate class.

**G.** **DIRECT PAYMENTS BY DEBTOR(S):**

      Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

      No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

      Each secured claim shall constitute a separate class.

**H.** **PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

      Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, either per month or pro-rata (as indicated in Section I), as priority claims, without interest.

**I.** **CLASSIFIED UNSECURED CLAIMS:**

      Classified unsecured claims shall be treated as allowed by the Court.

**J.** **GENERAL UNSECURED CLAIMS TIMELY FILED:**

      All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

**K.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

      As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section 1, PartK.

Debtor(s): **Holt, Jerry Dean; Holt, Sarah Joann**                                   Case No.: _____

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L.   CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.   ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

**N.   POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender or a Notice of Fees, Expenses, and Charges* .

**O.   CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD*.

**P.   CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q.   CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.   BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the Trustee's 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's('s)* business affairs, assets or liabilities.

**S.   NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST- CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T.   DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Debtor(s): **Holt, Jerry Dean; Holt, Sarah Joann** Case No.: _____

      Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

      Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan* or pursuant to an order of the Court. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

**U.**     **ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st – Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd – Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd – Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th – Attorney Fees in C, which must be designated to be paid pro-rata.

5th – Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th – Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th – Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th – Any Creditors listed in D.(1) if designated to be paid per mo.

9th – Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th – All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th – Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H., which must be designated to be paid as either pro-rata or per mo.

12th – Special Class in I, which must be designated to be paid per mo.

13th – Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th – Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th – Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

Debtor(s):  **Holt, Jerry Dean; Holt, Sarah Joann**                                              Case No.: _____

16th – Late filed claims by Unsecured Creditors in J, which must be designated to be paid prorata.

17th – Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

**V.    POST-PETITION CLAIMS:**

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

**W.    TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:**

See the provisions of the General Order regarding this procedure.

## SECTION III
## NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

_____
_____
_____
_____

I, the undersigned, hereby certify that the Plan contains no nonstandard provisions other than those set out in this final paragraph.

/s/ Kevin W. Willhelm

Kevin W. Willhelm                                                           Debtor (if unrepresented by an attorney)
Debtor's(s') Attorney

Debtor's (s') Chapter 13 Plan (Containing a Motion for Valuation ) is respectfully submitted.

/s/ Kevin W. Willhelm                                                       00785252

Kevin W. Willhelm                                                           State Bar Number
Debtor's(s') Counsel

/s/ Jerry Dean Holt, Jr                                                     /s/ Sarah Joann Holt

Jerry Dean Holt, Jr                                                         Sarah Joann Holt
Debtor                                                                      Joint Debtor

**United States Bankruptcy Court**
**Northern District Of Texas**

In re   Holt, Jerry Dean                                  Case No.
        Holt, Sarah Joann                                 Chapter   13
              Debtor(s)

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s')  **Chapter 13 Plan (Containing a Motion for Valuation)** was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the  23rd  day of  May , 20 23 :

(List each party served, specifying the name and address of each party)

Dated:     05/23/2023

/s/ Kevin W. Willhelm
Kevin W. Willhelm
Debtor or Debtor's(s') Counsel
Bar Number: 00785252
Willhelm Law Firm
Po Box 3536
Abilene, TX 79604-3536
Phone: (325) 692-0900
Email: justice@willhelmlaw.com

| | | |
|---|---|---|
| **ACCEPTANCE NOW**<br>5501 HEADQUARTERS DR<br>PLANO, TX 75024 | **AFFIRM INC**<br>650 CALIFORNIA ST FL 12<br>SAN FRANCISCO, CA 94108 | **AMERICAN EXPRESS**<br>PO BOX 297871<br>FORT LAUDERDALE, FL 33329 |
| **BARCLAYS BANK DELAWARE**<br>PO BOX 8803<br>WILMINGTON, DE 19899 | **BAYPORT CREDIT UNION**<br>3711 HUNTINGTON AVE<br>NEWPORT NEWS, VA 23607 | **Bryant State Bank**<br>PO Box 5161<br>Sioux Falls, SD 57117 |
| **CAPITAL ONE**<br>PO BOX 31293<br>Salt Lake City, UT 84131 | **CAPITAL ONE/WALMART**<br>PO BOX 31293<br>SALT LAKE CITY, UT 84131 | **CCS/BRYANT STATE BANK**<br>500 E 60TH ST N<br>SIOUX FALLS, SD 57104 |
| **CITIBANK/CBNA**<br>PO BOX 6497<br>SIOUX FALLS, SD 57117 | **CITIZENS BANK NA**<br>4201 S TREADAWAY BLVD<br>ABILENE, TX 79602 | **CITIZENS PAY CREDIT LI**<br>1 CITIZENS BANK WAY<br>JOHNSTON, RI 02919 |
| **CITY BANK- INDIRECT**<br>PO BOX 5060<br>LUBBOCK, TX 79408 | **City of Virginia Beach**<br>2401 Courthouse Drive Bldg 1<br>Virginia Beach, VA 23456 | **COMENITYCAPITAL/ACADMY**<br>PO BOX 182120<br>COLUMBUS, OH 43218 |

Debtor  Holt, Jerry Dean; Holt, Sarah Joann                                      Case number

**COMENITYCAPITAL/ULTA**
PO BOX 182120
COLUMBUS, OH 43218

**CONN APPLIANCES INC**
1401 RANKIN RD STE 300
HOUSTON, TX 77073

**CREDIT CONTROL CORP**
11821 ROCK LANDING DR
NEWPORT NEWS, VA 23606

**CREDIT ONE BANK NA**
PO BOX 98875
LAS VEGAS, NV 89193

**ESB/HARLEY DAVIDSON CR**
PO BOX 21829
CARSON CITY, NV 89721

**FEB/GFSCS-RETAIL**
PO BOX 4499
BEAVERTON, OR 97076

**FETTI FINGERHUT/WEBBAN**
13300 PIONEER TRL
EDEN PRAIRIE, MN 55347

**FETTIFHT/WEB**
13300 PIONEER TRAIL
EDEN PRAIRIE, MN 55347

Genesis FS Card Services
Attn: Bankruptcy
PO Box 84059
Columbus, GA 31908

**GTWY 1ST FKA GTWY MRTG**
244 S GATEWAY PL
JENKS, OK 74037

IRS
Attn: Bankruptcy
PO Box 931200
Louisville, KY 40293

**JEFFERSON CAPITAL SYST**
16 MCLELAND RD
SAINT CLOUD, MN 56303

**KOHLS/CAPITAL ONE**
N56 RIDGEWOOD DR
MENOMONEE FAL, WI 53051

**MACYS/CITIBANK, N.A.**
PO BOX 8218
MASON, OH 45040

**MERRICK BANK CORP**
PO BOX 9201
OLD BETHPAGE, NY 11804

**MIDLAND FUNDING**
350 CAMINO DE LA REINA
SAN DIEGO, CA 92108

**MOHELA/DEPT OF ED**
633 SPIRIT DR
CHESTERFIELD, MO 63005

**NEMO'S COLL**
14631 N CAVE CREEK
PHOENIX, AZ 85022

**PORTFOLIO RECOV ASSOC**
150 CORPORATE BLVD
NORFOLK, VA 23502

Reliant Capital Solutions
PO Box 30469
Columbus, OH 43230

**SYNCB/AMAZON PLCC**
PO BOX 965015
ORLANDO, FL 32896

**SYNCB/CARE CREDIT**
950 FORRER BLVD
KETTERING, OH 45420

**SYNCB/CHEVRON DC**
PO BOX 965015
ORLANDO, FL 32896

**SYNCB/PPC**
PO BOX 530975
ORLANDO, FL 32896

**SYNCB/SAMS CLUB**
PO BOX 965005
ORLANDO, FL 32896

**SYNCB/SLEEP NUMBER**
PO BOX 965036
ORLANDO, FL 32896

T Mobile
PO Box 629025
El Dorado Hills, CA 95762

Debtor  Holt, Jerry Dean; Holt, Sarah Joann                    Case number _____

**TBOM/ASPIRE MC**
PO BOX 105555
ATLANTA, GA 30348

**TBOM/ATLS/ASPIRE**
5 CONCOURSE PKWY STE 400
ATLANTA, GA 30328

**TELECOM SELF-REPORTED**
PO BOX 4500
ALLEN, TX 75013

**Texas A&M University**
Student Business Services
6001 TAMU
College Station, TX 77843

**THD/CBNA**
PO BOX 6497
SIOUX FALLS, SD 57117

**TRACTOR SUPPLY/CBNA**
PO BOX 6497
SIOUX FALLS, SD 57117

**UPSTART NETWORK INC.**
2950 S DELAWARE ST STE 3
SAN MATEO, CA 94403

**UPSTART NETWORK INC/F**
PO BOX 1503
SAN CARLOS, CA 94070

**US DEPT OF ED/GLELSI**
PO BOX 7860
MADISON, WI 53707

**USAA SAVINGS BANK**
PO BOX 47504
SAN ANTONIO, TX 78265

**W CENTRAL TX COLLECT**
1131 N 2ND STREET STE 101
ABILENE, TX 79601

**Willhelm Law Firm**
Po Box 3536
Abilene, TX 79604-3536

**Willhelm Law Firm**
Po Box 3536
Abilene, TX 79604-3536
Bar Number: 00785252
Phone: (325) 692-0900
Email: justice@willhelmlaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## ABILENE DIVISION

Revised 10/1/2016

| IN RE: | Holt, Jerry Dean | xxx-xx-2204 | § | CASE NO: _____ |
|---|---|---|---|---|
| | 250 Tweetie Pie | | § | Chapter 13 |
| | Abilene, TX 79602 | | § | |
| | **Holt, Sarah Joann** | xxx-xx-9090 | § | |
| | 250 Tweetie Pie | | § | |
| | Abilene, TX 79602 | | § | |
| | Debtor(s) | | | |

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS      DATED: 05/23/2023

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| Periodic Payment Amount | | **$10,380.00** |
|---|---|---|
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $1,038.00 | $1,032.84 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $360.45 | $0.00 |
| **Subtotal Expenses/Fees** | **$1,403.45** | **$1,032.84** |
| Available for payment of statutory fees and charges. Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$8,976.55** | **$9,347.16** |

## SECURED CREDITORS (INCLUDING PRE-PETITION MORTGAGE ARREARS):

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| GTWY 1ST FKA GTWY MRTG | PACK SADDLE PRAIRIE SEC 1, BLOCK B, LOT 7, ACRES 1.03<br>250 Tweetie Pie Abilene, TX 79602 | $351,396.00 | $425,592.00 | 0.91% | $3,186.84 |
| BAYPORT CREDIT UNION | 2021 Jeep Grand Cherokee | $49,748.00 | $49,748.00 | 1.25% | $621.85 |
| | | | Total Adequate Protection Payments: | | **$3,808.69** |

## DOMESTIC SUPPORT OBLIGATION CREDITORS:

Page 1 of 2

Debtor  Holt, Jerry Dean; Holt, Sarah Joann                        Case number _____

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | Total Adequate Protection Payments: | **$0.00** |

**CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):**

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| GTWY 1ST FKA GTWY MRTG | PACK SADDLE PRAIRIE SEC 1, BLOCK B, LOT 7, ACRES 1.03<br>250 Tweetie Pie Abilene, TX 79602 | 08/01/2023 | $351,396.00 | $425,592.00 | $3,186.84 |
| | | | Total Adequate Protection Payments: | | **$3,186.84** |

## SUMMARY OF PRE-CONFIRMATION PAYMENTS

| **First Month Disbursement (after payment of Clerk's Filing Fee and Chapter 13 Trustee Percentage Fee):** | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Secured Creditors @ min. of 1.25% | **$3,808.69** |
| Adequate Protection to Domestic Support Obligations @ min. of 1.25% | **$0.00** |
| Debtor's Attorney, pro rata: | **$4,200.00** |

| **Disbursements starting month 2 (after payment of Clerk's Filing Fee and Chapter 13 Trustee Percentage Fee):** | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Secured Creditors @ min. of 1.25% | **$3,808.69** |
| Adequate Protection to Domestic Support Obligations @ min. of 1.25% | **$0.00** |
| Debtor's Attorney, pro rata: | **$0.00** |

DATED:  05/23/2023

/s/ Kevin W. Willhelm

Attorney for Debtor(s)